```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :    07 Civ. 7772 (BSJ)

          - v. -                    :    01 Cr. 658 (BSJ)

RODOLFO FERNANDEZ,                  :

                    Defendant.      :

- - - - - - - - - - - - - - - - - - -x
```

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S MOTION TO VACATE, CORRECT OR SET ASIDE A SENTENCE, PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255**

```
                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York,
                              Attorney for the United States
                                       of America.

NICHOLAS J. LEWIN
Assistant United States Attorney
          Of Counsel.
```



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 16, 2008

By Hand

Honorable Barbara S. Jones
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007

      Re:  <u>United States v. Rodolfo Fernandez</u>
            07 Civ. 7772 (BSJ)
            01 Cr. 658 (BSJ)

Dear Judge Jones:

      The Government respectfully submits this letter in opposition to the amended motion of Rodolfo Fernandez for relief pursuant to Title 28, United States Code, Section 2255, which was filed on August 7, 2007. Fernandez challenges his sentence, arguing that, because he was convicted of a narcotics conspiracy, he was eligible for a three-level decrease in his offense level, pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), Section 2X1.1; and that his trial attorney was constitutionally ineffective by not advocating for such a departure. (Pet. Am. Mot. at 1.[1])

      As set forth below, the motion should be denied because: (1) it is untimely, and (2) the three-level reduction set forth in U.S.S.G. §2X1.1 is, by its express terms,

---

[1] Pet. Am. Mot. Refers to Rodolfo Fernandez's amended 2255 motion, filed on or about August 7, 2007; "PSR" refers to the Pre-Sentence Investigation Report prepared by the Probation Office in connection with Fernandez's sentence; "Sent. Tr." refers to the transcript of Fernandez's October 4, 2002 sentencing proceeding; Docket Sheet refers to the electronic docket sheet of the criminal proceedings which underlie the instant petition.

inapplicable to narcotics conspiracies. Accordingly, Rodolfo's claims should be denied in their entirety without a hearing.

### I. Background

A. Offense Conduct

On February 27, 2000, law enforcement officers conducting surveillance of Fernandez, observed him approach a van and, after speaking briefly to one of its two occupants, walk back to Fernandez's own car, remove a black duffle bag, and place it in the van. (See PSR at ¶¶ 10-11.[2]) Fernandez re-entered his own car and departed, as did the two occupants in the van. (See id. at ¶ 11.) Law enforcement officers initiated traffic stops of both vehicles. (See id.) After receiving consent from the van's occupants – subsequently identified as Fernandez's two co-defendants, Juan Lora and Jose Nova – officers searched the black duffel bag which Fernandez had placed in the van, and found what was subsequently identified as twenty-five kilograms of cocaine. (See PSR at ¶¶ 12-18.)

B. Procedural History

On July 10, 2001, Fernandez, Lora and Nova were charged in a two count indictment with: conspiring to distribute and possess with intent to distribute cocaine, in violation of Title 21, United States Code, Section 846 (Count One), and possessing with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and (b)(1)(A). (See id. at ¶¶ 1-4.) On October 18, 2001, the defendant pled guilty before the Honorable Gabriel W. Gorenstin, pursuant to a Pimentel letter, and Your Honor accepted the plea on November 29, 2001. (See Docket Sheet Entry dated October 18, 2001, and Docket Sheet Entry 11.)

The Presentence Investigation Report, dated January 18, 2002, calculated Fernandez's base offense level to be 34, because the offense conduct involved twenty five kilograms of cocaine. (See PSR at ¶ 22.) Because the PSR determined that the defendant was a "career offender" as that term is defined in U.S.S.G. §4B1.1, the offense level was increased to 37. (See id. at ¶ 29.) Based on a three-level decrease for timely acceptance of responsibility, the Report set Fernandez's adjusted offense level at 34. (See id. at ¶ 27-28.) Fernandez's two prior felony

---

[2] The facts of the case are set forth more fully in the Complaint and the Presentence Report (the "PSR"). See, e.g., PSR ¶¶ 5-12.

convictions - for Robbery in the Third Degree and Attempted Robbery in the Second Degree - resulted in four criminal history points. (See id. at ¶¶ 34, 38, 42.) Due to his career offender status, Fernandez's Criminal History Category was calculated to be VI. (See id. at ¶ 42.) An offense level of 34 and Criminal History Category of VI resulted in Guidelines range of 262 to 327 months' imprisonment. (See id. at ¶ 74.)

At sentencing on October 3, 2002, Your Honor found that Fernandez's career offender status "overstate[d] this defendant's criminal history"; therefore, Your Honor set his offense level as 31 and his Criminal History Category at III. (Sent. Tr. at 4-5.) Consequently, Fernandez's Guidelines range was 135 to 168 months' imprisonment. (See id. at 10.) He was sentenced at the bottom of the Guidelines range to 135 months' imprisonment. (See id. at 15.) The judgment of conviction was filed on October 4, 2002 and, because Fernandez did not file a notice of appeal, the judgment became final on October 14, 2002. (See Docket Sheet at 27; see generally Docket Sheet.)

C.  Fernandez's Section 2255 Motion

On August 7, 2007, nearly five years after the judgment became final, Fernandez filed his Motion, pursuant to Title 28, United States Code, Section 2255, to Set Aside or Correct his Sentence. (See generally Pet. Am. Mot.) Fernandez argues that he was entitled to a three-level decrease in his offense level, as set forth in U.S.S.G. §2X1.1, and that his trial counsel was ineffective by failing to argue for the three-level decrease. (See id. at 5-8.) On May 22, 2008, Your Honor entered an Order directing the Government to respond within sixty days.

## II. Argument

A.  Fernandez's Section 2255 Motion Is Untimely

Petitions under Section 2255 must be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(1). Where (as here) the petitioner does not take a direct appeal from his conviction, the conviction is deemed final when the time for filing a notice of appeal expires. Wims v. United States, 225 F.3d 186, 188 (2d Cir. 2000).

As the docket sheet indicates, Fernandez's judgment of conviction was entered on October 4, 2002. Fernandez had ten days within which to file a notice of appeal, see Fed. R. App. P. 4(b)(1)(A), or until October 14, 2002. Accordingly, he had until October 14, 2003 within which to file his Section 2255 Motion.

Fernandez's Section 2255 Motion, which was filed in August 2007, is therefore clearly untimely.

B.  **Guidelines Section 2X1.1 Does Not Apply to Narcotics Conspiracies**

Both the plain text of the Sentencing Guidelines and relevant case law provide that Guideline §2X1.1 does not apply to narcotics conspiracies. Section 2X1.1 of the Sentencing Guidelines[3] is entitled "Attempt, Solicitation, or Conspiracy (Not Covered by a Specific Offense Guideline)." U.S.S.G. §2X1.1. It provides, *inter alia*, a three-level decrease for certain conspiracies. See id. at §2X1.1(b)(2).

By its express terms, Section 2X1.1 does not apply to narcotics conspiracies, because narcotics conspiracies are expressly covered by another offense guideline – Section 2D1.1. The Guideline specifically states that: "When a[] . . . conspiracy is expressly covered by another offense guideline, apply that guideline section." U.S.S.G. §2X1.1(c)(1). The Application Notes further identify "[o]ffense guidelines that expressly cover conspiracies," to include Section 2D1.1. See §2X1.1, Application Note 1. Section 2D1.1 of the Sentencing Guidelines is entitled "Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or *Conspiracy*." U.S.S.G. §2D1.1 (emphasis added). Moreover, Appendix A to the Sentencing Guidelines, which sets forth the applicable Guidelines to various statutory offenses, identifies Section 2D1.1 as the relevant Guideline for violations of the narcotics conspiracy statute, Title 21, United States Code, Section 846. U.S.S.G. at p. 463. Accordingly, the plain text of the Guideline clearly establishes that Section 2X1.1 does not apply to narcotics offenses.

Moreover, long-standing case law supports this textual proposition. "[T]he three-level adjustment provided in §2X1.1 is not available to the defendants, because the plain text of the Guidelines requires the application of §2D1.1 in determining their sentences." *United States* v. *Soriano*, 295 F.Supp.2d 317, 319 (S.D.N.Y. 2003); see *Shamshi* v. *United States,* No. Civ. 89-3892, 1990 WL 8184, *at 3 (E.D.N.Y. Jan. 18, 1990) (same); *accord United States* v. *Smith*, 88 Fed. Appx. 71, 72-73 (6th Cir. 2004) (not precedential) (holding that §2X1.1 did not affect

---

[3] All references to the Sentencing Guidelines in this subsection refer to the Guidelines in effect at the time of sentencing – the November 1, 2001 Guidelines. (See PSR at ¶ 20.)

defendant's offense level because guideline does not apply to conspiracies covered by §2D1.1); *United States v. Augarten*, No. 03-3352, 84 Fed.Appx. 564 (6th Cir. 2003) (not precedential) ("[B]ecause [petitioner]'s offense [narcotics conspiracy] is covered by a specific offense guideline, his reliance on U.S.S.G. §2X1.1 for a sentencing modification is misplaced, because that section only applies when the offense of conspiracy is not covered by a specific offense guideline."); *United States v. Onheiber*, 173 F.3d 1254, 1256-57 (10th Cir. 1999) (holding that § 2X1.1 does not apply to attempts involving drugs); *United States v. Adipietro*, 983 F.2d 1468 (8th Cir. 1993) (same); *United States v. Washington*, No. 4:97CR3019, 2007 WL 1345435, *at 3 n.2 (D. Neb. April 11, 2007) (noting that defendant's argument that §2X1.1 entitled him to a reduction was without merit because §2D1.1 applied to drug conspiracy case).

C. <u>Trial Counsel was Not Ineffective By Failing to Raise this Meritless Issue</u>

A defendant claiming ineffective assistance of counsel must: (1) demonstrate that his counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms"; and (2) "affirmatively prove prejudice" from counsel's allegedly defective performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 693-94 (1984); *see also Hernandez v. United States*, 202 F.3d 486, 488 (2d Cir. 2000) ("Under the *Strickland* standard, a petitioner must establish both (1) that counsel made errors so serious that defendant was deprived of reasonably competent representation and (2) that counsel's deficient performance prejudiced the defense."). Only if *both* of these elements are satisfied can a defendant demonstrate that his counsel made errors "so serious" that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that the defendant was, as a result, deprived of a fair proceeding. *Strickland*, 466 U.S. at 687.

Under the first prong of the *Strickland* test, a reviewing court "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689). Thus, the ineffectiveness inquiry should focus on "the fundamental fairness of the proceeding whose result is being challenged." *Strickland*, 466 U.S. at 696. The emphasis should not be on grading counsel's performance, but on "whether

despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Id.*

Even if an attorney's performance was objectively unreasonable and unprofessional, the defendant must also prove prejudice. The reviewing court must assess "whether, absent counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different." *Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir. 1994). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). Moreover, "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." *Lockhart v. Fretwell*, 506 U.S. 364, 369, 372 (1993) ("[T]he 'prejudice' component of the *Strickland* test . . . focuses on the question whether counsel's deficient performance renders the result of the [proceeding] unreliable or the proceeding fundamentally unfair.").

In addition, the Supreme Court has noted that the "object of an ineffectiveness claim is not to grade counsel's performance," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697. Applying this teaching, this Court has often rejected ineffectiveness claims by determining that, in view of the strength of the prosecution's case, the defendant is unable to establish prejudice. *See, e.g., Strouse v. Leonardo*, 928 F.2d 548, 556 (2d Cir. 1991) (court declines to address alleged deficiencies of counsel given the overwhelming evidence of guilt at trial); *United States v. Simmons*, 923 F.2d 934, 956 (2d Cir. 1991) ("[G]iven the plethora of evidence against [appellant], there is little reason to believe that alternative counsel would have fared any better."); *United States v. Reiter*, 897 F.2d 639, 645 (2d Cir. 1990) (although counsel's performance at times fell below professional standards, Sixth Amendment claim fails "given the overwhelming evidence against [the defendant]").

Here, Fernandez cannot meet either prong of the *Strickland* test, because, as set forth above, the argument he faults his attorney for failing to make is meritless. Because "[f]ailure to make a meritless argument does not amount to ineffective assistance," *United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999), this Court should reject Fernandez's argument. *See also Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir.

2001) (same); *Muniz v. United States*, 360 F. Supp.2d 574, 580-81 (S.D.N.Y. 2005) (rejecting ineffective assistance claim because petitioner has not shown that any of the objections to his sentence would have had any merit).

Accordingly, Fernandez's claim of ineffective assistance of counsel must be rejected. *See United States v. Crawford*, No. 94-3576, 1995 WL 29413, *at 2 (9th Cir. Jan. 24, 1995) (not precedential) (holding that defendant's ineffective assistance of counsel claim failed because counsel was not required to make failing argument for §2X1.1 reduction when §2X1.1 did not apply to drug conspiracy covered by §2D1.1)

### IV. Conclusion

For all of the foregoing reasons, Fernandez's petition should be denied in its entirety without a hearing.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: /s/ Nicholas Lewin
Nicholas Lewin
Assistant United States Attorney
(212) 637-2337

cc: Rodolfo Fernandez
Fed. Reg. No. 59880-053
U.S.P. Canaan
P.O. Box 300
Waymart, Pennsylvania 18472